UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAWRENCE EARL,<br><br>                Plaintiff,<br><br>        v.<br><br>CITY OF LAS VEGAS DETENTION CENTER, *et al*.,<br><br>                Defendants. | Case No.: 2:19-cv-01463-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**ECF No. 1** |

Presently before the Court is Plaintiff Lawrence Earl's Application to Proceed *In Forma Pauperis* (ECF No. 1). Attached to Plaintiff's *in forma pauperis application* is a Complaint for Violation of Civil Rights (Non-Prisoner) pursuant to 42 U.S.C. § 1983 (ECF No 1-1).

**I.      *IN FORMA PAUPERIS* APPLICATION**

The Court granted Plaintiff's *in forma pauperis* application in its Order (ECF No. 3) filed on October 21, 2019 (the "Order").

**II.     SCREENING THE COMPLAINT AND FEDERAL JURISDICTION**

*See* the Court's discussion of federal jurisdiction and the screening process applicable to Plaintiff's Complaint in the Order (ECF No. 3).

**III.    SUPPLEMENTAL JURISDICTION**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, except as provided in subsections (b) and (c). A state law claim is part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims and the state and federal claims would normally be tried together. *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal citations and quotation marks omitted).

Here, Plaintiff's Complaint asserts a claim under Article III of the Nevada Constitution. ECF No. 1-1 at 6. Article III of the Nevada Constitution discusses the separation of powers of the Government of the State of Nevada, as well as legislative review of administrative regulations. Plaintiff's state law claim does not share a common nucleus of operative fact with Plaintiff's federal claims. Nor would Plaintiff's state and federal claims normally be tried together. Therefore, Plaintiff's state law claim does not form part of the same case or controversy with Plaintiff's claims under federal law and, for this reason, the Court recommends that supplemental jurisdiction over Plaintiff's state law claim not be exercised.

### IV. PLAINTIFF'S STATE AND FEDERAL LAW CLAIMS RECOMMENDED FOR DISMISSAL WITH PREJUDICE.

Plaintiff alleges Defendants violated his constitutional rights under Article III of the Nevada Constitution, as well as the Fifth and Fourteenth Amendment rights under the Constitution of the United States. None of these claims assert causes of action upon which relief may be granted.

With respect to Plaintiff's allegation of a Nevada Constitutional claim under Article III, Plaintiff has not pled any facts whatsoever supporting a viable cause of action for separation of powers or legislative review of administrative regulations. Accordingly, the Court recommends dismissing Plaintiff's claim alleging a violation of Article III of the Nevada Constitution with prejudice as there is no amendment that would or could save this claim from dismissal.

Plaintiff alleges Defendants violated his Fifth Amendment rights, but fails to identify the basis for this claim. ECF No 1-1 at 6. Based on the body of the Complaint, the Court construes Plaintiff's Fifth Amendment claim as a due process claim. Notwithstanding, "[t]he Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). Plaintiff does not allege that any of the Defendants are federal actors and, based on the totality of the facts, cannot do so. For this reason, the Court recommends dismissing Plaintiff's Fifth Amendment due process claim with prejudice as amendment would be futile.

Plaintiff alleges Defendants violated his Fourteenth Amendment rights. However, Plaintiff again fails to identify the basis for this claim. ECF No. 1-1 at 6. A review of the Complaint demonstrates that Plaintiff's Fourteenth Amendment claim is a due process claim. This claim, however, is appropriately stated under the Fourth Amendment (as stated in the Order (ECF No. 3), which protects against unreasonable search and seizure. *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[b]ecause the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims"). Accordingly, the Court recommends dismissing Plaintiff's Fourteenth Amendment claim with prejudice as amendment would be futile.

## V.   RECOMMENDATION

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's claim under Article III of the Nevada Constitution be DISMISSED with prejudice as amendment would be futile.

IT IS FURTHER RECOMMENDED that Plaintiff's Fifth Amendment and Fourteenth Amendment due process claims be DISMISSED with prejudice as amendment would be futile.

DATED THIS 21st day of October, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to

3

properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).